IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KARIN LOWERY, )
Individually and as Administrator )
of the Estate of Ashley Lucykow, )
 )
                      Plaintiff, )
 )
vs. ) Case No. 07-cv-0240-MJR
 )
MIDWEST FAMILY RESORTS )
AND TRAVEL, LLC, )
 )
                      Defendant. )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

       Removed to this United States District Court in April 2007 via diversity jurisdiction, this wrongful death lawsuit has been settled by the parties. Now before the Court is a motion filed by Plaintiff Karin Lowery (mother and administrator of the estate of minor decedent, Ashley Lucykow) asking the undersigned Judge to approve a settlement and distribute the settlement proceeds. That motion notes that Ashley has three surviving beneficiaries – her parents (Karin Lowery and Michael Lucykow) and her 15-year old brother (Jason Lucykow). The motion delineates the settlement amount, the attorneys' fees incurred, the costs and liens associated with the settlement, and the expenses paid by Karin Lowery (such as hospital bills and funeral costs). The Illinois Wrongful Death Act, **740 ILCS 180/1, *et seq.,*** requires Court approval of the settlement.

       One month ago, the undersigned District Judge appointed attorney Thomas Q. Keefe, III as guardian ad litem ("GAL") for minor beneficiary Jason Lucykow. The Court set a hearing February 29, 2008 but offered to cancel the hearing if – before that date – all parties, including the GAL, agreed to a disposition of the settlement proceeds and submitted a detailed proposed order outlining that disposition. Counsel now have done so.

       On January 31, 2008, Plaintiffs' counsel file a "Notice" – signed and agreed to by the GAL – plus a detailed proposed order (*see* Doc. 25). The notice and proposed order explain that the parties have agreed to distribute the settlement proceeds *after* attorneys' fees, liens and expenses, in these amounts:

   $50,422.94 to Jason Lucykow,
   $68,845.86 to Karin Lowery, and
   $32,000.00 to Michael Lucykow.
Pursuant to the GAL's request, the parties also agreed that Jason Lucykow's share will be placed in a "federally restricted bank account" with certain age-based limitations on withdrawal of funds from that account.

  Having carefully considered the pleadings and supporting documents, the Court **GRANTS** the motion to approve settlement (Doc. 21) as follows. Out of the gross settlement of $250,000.00, attorneys' fees in the amount of $83,333.33 shall be paid to the law firm of Williamson, Webster, Falb & Glisson, as will the costs of $6,433.05. Liens totaling $1,228.84 shall be paid to Blue Cross/Blue Shield. Karin Lowery shall be reimbursed $7,735.98 for funeral expenses, medical expenses, and interest on a loan needed/used to pay for those expenses. This leaves a remaining balance or net settlement of $151,268.80.

  Out of this net settlement, **Jason Lucykow** shall receive the amount of $50,422.94. That amount shall be placed in a federally restricted bank account and shall *not* be distributed to Jason Lucykow until he reaches the age eighteen. At that time, distribution can be solely for the purpose of education. Once Jason Lucykow reaches the age of twenty-one, he has the right to remove the entire amount for any purpose whatsoever. Distribution shall be made to **Karin Lowery** in the amount of $68,845.86 and to **Michael H. Lucykow** in the amount of $32,000.00.

  Defendant's insurance carrier shall pay Thomas Q. Keefe, III, a GAL fee in the amount of $500.00.

  The Court **DIRECTS** Defendant to exchange/deliver closing papers and settlement monies on or before March 3, 2008. Finally, the Court **DIRECTS** Plaintiff's counsel (Mr. Falb) to file a dismissal notice/stipulation by March 5, 2008.

 IT IS SO ORDERED.

 DATED this 1st day of February 2008.

           s/Michael J. Reagan
           MICHAEL J. REAGAN
           United States District Judge